**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DIMORIO McDOWELL,** ) | **CASE NO. 5:12 CV 884** |
| ) | **(5:10 CR 189)** |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #164 in Case No. 5:10 CR 189.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

Om March 31, 2010, a criminal Complaint was filed against Petitioner for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343. (Docket #1.) On April 27, 2010, a Federal grand jury returned a 27-count indictment against Petitioner and others. Petitioner was charged as follows: Count 1– Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Counts 2-26 – Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2); and, Count 27 – Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

On October 27, 2010, Petitioner executed a written Plea Agreement, pleading guilty to

Counts 1 and 27. The written Plea Agreement was read into the record in its entirety and was signed by Petitioner. On January 18, 2011, Petitioner was sentenced to 150 months imprisonment on Count 1 and 24 months imprisonment on Count 27, to run consecutively; 5 years supervised release; a special assessment of $200.00; and, $254,546,32 restitution. Counts 2-26 were dismissed. Judgment was docketed January 27, 2011. An Amended Judgment was docketed February 1, 2011 to correct a typographical error.

Petitioner did not appeal his conviction. On February 15, 2011, Petitioner's conviction became final. On April 12, 2012, Petitioner filed his Section 2255 Motion with this Court. Petitioner sets forth three separate Grounds for Relief:

> Ground One: Counsel prejudiced my defense and failed to protect my due process right to adversarial defense.
>
> Supporting Facts: Mr. Kevin Spellacy, failed/refused to prepare me for trial over my repeated requests for showing me what the details of the case, discovery or any other process was, nor how I might successfully overcome the case against me, all over my repeated requests and objections. I has [sic] no explanation nor viewing of the Presentence Investigation Report, so I was led blind into the sentencing hearing. I did not understand and was misled that I must, without my own choice, answer in the affirmative as the judge questioned me. I was not understanding and did not know how much jeopardy Mr. Spellacy was exposing me to. The outcome at a true adversarial trial would have allowed my case to be answered in my favor. Then he refused to file for appeal.
>
> Ground Two: My Criminal History was exagerated [sic] and I should have been credited with acceptance of responsibility.
>
> Supporting Facts: I should not have had the charge I had as a juvenile assessed against me. That would have reduced me from Criminal History VI to Category V and I did in pleading to charges accept responsibility. The two would have fairly reduced my exposure to sentence I received and thus, I should have been credited as I was only 17 when I was processed as a juvenile, which would have cut my sentence exposure by over 1/3, closer to 100 months or less. This should be revisted and my sentence reduced. Mr. Spellacy

-2-

|  |  |
|---|---|
|  | was ineffective, unprepared to secure these credits and I should be reheard with counsel who is prepared. |
| Ground Three: | I was not told I was being assessed a commercia [sic] liability and that I could settle the charges via my unlimited commercial exemption – atty Spellacy was ineffective in not settling. |
| Supporting Facts: | I accept the charges for value and return them for value for full settlement, satisfaction and accord. While I put up my unlimited commercial liability dollar for dollar in accord with HJR-192, Public Law 73-10 I ask the Court to return the bonds to me. In consideration thereof I enter the plea of guilty as charged for the artificial contrivance so charged. These rights are reserved at UCC 1-310 and 1-206. Is this Court the official record in agreement with my reservation of right of subrogation as set forth her and now? |

In addition to the foregoing, Petitioner offers the following explanation as to why his Petition was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255:

> I have been seeking assistance via attorney Vanessa Malone, Office of the Federal Public Defender. She timely was to send me these necessary forms, but sent them with a February 6, 2012 letter on post marked March 21, 2012. I did not receive any forms until March 23, 2012, so I have been impeded since November 2011, trying to get my § 2255 filed, and no legal help to do it. I need leave, as I've not had any help until my papers arrived March 23, 2012. It seems like people who don't know the law get put off a lot.

On May 15, 2012, the Government filed its Response to Petitioner's Motion. (Docket #171.) The Government argues that the Petition is untimely. The Government notes that Petitioner was sentenced on January 18, 2011; an Amended Judgment was signed on February 1, 2011; and, that his conviction became final on February 15, 2011. Petitioner did not file his Section 2255 Petition until April 12, 2012, more than one year after his conviction became final and, therefore, beyond the AEDPA's statute of limitations. The Government argues there is no basis upon which the one-year limitation period may be equitably tolled, given the fact that the Plea Agreement referenced the possibility of relief under Section 2255 and Petitioner had previous knowledge of the law. The Government notes that there are no specific forms for filing

-3-

a Section 2255 motion and that Petitioner's assertion that the forms were sent to him late is insufficient to toll the statute of limitations.

Further, the Government argues that even if Petitioner had filed within the one-year statutory time period, Petitioner expressly waived the right to attack his sentence; his claim of ineffective assistance of counsel is without merit; and, that he was sentenced appropriately.

On June 13, 2012, Petitioner filed a rebuttal brief.  (Docket #172.)  Petitioner sets forth several reasons why he believes his attorney's performance was deficient.  Petitioner argues that the statute of limitations should be tolled, asserting that Counsel failed and/or refused to file a timely notice of appeal and that Petitioner did not have the means by which to pursue an appeal as a result of his incarceration.  Petitioner restates his claim that his filing was late because the Federal public defender sent him a Section 2255 form after it was due.  Petitioner claims the waiver of the right to appeal his sentence, as set forth in the Plea Agreement and read into the record in open court, was not knowing and voluntary, but was the result of deception by Counsel.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion; the

Response filed by the Government; and, Petitioner's Rebuttal Brief.  Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

**I.      Equitable Tolling.**

The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling.  A petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  See *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 at *3 (6th Cir. 2011) (citing *Holland v. Florida*, 130 S. Ct. 2549, 2562, (2010)).

On September 12, 2011, Petitioner filed a Motion with the Court requesting counsel be appointed for purposes of an appeal.  The Court granted Petitioner's Motion that same day and Carolyn Kucharski, a Federal Public Defender, was appointed.  On September 16, 2011, Carolyn Kuckarski ordered a copy of the Sentencing Transcript, which was complete on October 24, 2011.  Beyond that point, the record reflects no activity by the Federal Public Defender's Office.  The next docket entry is Petitioner's Section 2255 Motion, filed on April 12, 2012.

Petitioner argues although he failed to file his Section 2255 Motion within one year of his Judgment becoming final, the delay is excusable. Petitioner asserts he requested the Form to file a Section 2255 Motion from Vanessa Malone of the Federal Public Defender's Office but did not receive the forms from Ms. Malone until after the statute of limitations had expired.   Attached to Petitioner's Section 2255 Motion is a copy of the envelope he received from Ms. Malone.  The envelope bears Ms. Malone's name and was stamped indicating that it was mailed on March 21, 2012 and received on March 23, 2012.  Although there is no copy attached, Petitioner asserts that the letter Ms. Malone enclosed was dated February 6, 2012.

The Federal Public Defender was appointed for purposes of an appeal in this case, not for

purposes of filing a Section 2255 Motion. Ms. Malone is not the attorney of record in this case and it is unclear under what circumstances Ms. Malone was communicating with Petitioner. However, it does appear based on the limited information presented to the Court that Petitioner was diligently pursuing his rights. The signature on the Petition indicates he completed the Section 2255 Form on March 24, 2012, one day after receiving it from Ms. Malone.

Based on the facts and circumstances set forth above, the Court finds equitable tolling to be appropriate in this case. Accordingly, the Court declines to dismiss Petitioner's Section 2255 Motion on the basis of untimeliness.

**II.     Petitioner's Asserted Grounds for Relief.**

The Plea Agreement, executed by Petitioner on April 12, 2012, reads as follows:

> 21. Waiver of Appellate Rights. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the greater of any mandatory minimum sentence or the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, or (c) the Court's determination of Defendant's Criminal History Category. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Plea Agreement at ¶ 21.)

Petitioner expressly waived the right to attack his conviction and sentence. Prior to accepting Petitioner's guilty plea, the Court asked Petitioner whether he had consulted with his attorney about the evidence against him; his involvement in the case; and, potential defenses.

Petitioner expressly indicated that he had read the Plea Agreement; that the decision to plead guilty was made knowingly and voluntarily; and, that he understood that by pleading guilty he was making a complete admission as to the truth of the charges for which he pled guilty. The Plea Agreement was read into the record in its entirety, including Paragraph 21 by which Petitioner waived the right to attack his sentence. After the Plea Agreement was read, the Court confirmed Petitioner was listening; that he understood the terms of the Plea Agreement; and, that he had no questions about it or any other aspect of his case. The Plea Agreement was signed by Petitioner. Petitioner entered his plea knowingly, voluntarily and of his own free will.

Further, there is simply no evidence to support Petitioner's claims of ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, Paragraph a of syllabus (1985).

The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions taken by Counsel would have changed the outcome in this case. The evidence against Petitioner was overwhelming and Petitioner was advised, during his change of plea hearing, of the maximum penalties and advisory guidelines computations that he faced. At the time of sentencing, Petitioner indicated that he had reviewed his presentence report with his attorney and was satisfied with the contents of the report.

Finally, Petitioner was sentenced in accordance with the sentencing stipulations and calculations set forth in the Plea Agreement and the recommendations made by the Probation Department. There was no basis upon which to adjust Petitioner's sentence based upon an acceptance of responsibility under U.S.S.G. § 3E1.1(a) & (b), given the fact that Petitioner continued his crimes while incarcerated. "Those who continue their crimes in jail and do not voluntarily withdraw from their criminal conduct demonstrate . . . a cynical and remorseless contempt for the law. Such continued criminal conduct is incompatible with the idea of acceptance of responsibility." *United States v. Reed*, 951 F. 2d 97, 100 (6th Cir. 1991). Further, Petitioner was properly assessed three criminal history points for his 1994 conviction for Credit Card Fraud and Forgery in Clayton County Georgia because he was convicted as an adult and was sentenced to three years imprisonment after violating the terms of his probation. U.S.S.G. § 4A1.2(d)(1).

Petitioner has no legally cognizable claim arising under the Uniform Commercial Code.
Based on the foregoing, Petitioner is not entitled to the relief sought.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that no reasonable jurist would find the assessment of Petitioners's Constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255   (Docket #164 in Case No. 5:10 CR 189) is DENIED.  There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion. Accordingly, Petitioner's request for a hearing is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                                  s/Donald C. Nugent
                                                  DONALD C. NUGENT
                                                  United States District Judge

DATED: July 26, 2012