UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:10 CR 189 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DIMORIO MCDOWELL, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Third Motion for Compassionate Release. (ECF #281). Mr. McDowell's previous requests for compassionate release were denied. (ECF #253, 273).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), an inmate may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, the inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied

thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Although Mr. McDowell completed the required administrative process before filing his first motion for compassionate release, he did not exhaust his remedies in connection with this second motion. His third motion claims that he submitted requests for compassionate release with the Warden on May 16 and May 24, but does not provide any evidence of the request, or the information that was contained in the request. Therefore, the Court has no way to confirm that Mr. McDowell requested the Director of the Bureau of Prisons to file a motion on his behalf for the reasons set forth in his latest motion. The exhaustion requirement is "mandatory" and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834. There are no equitable exceptions "to account for irreparable harm or futility." *Id.* at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021). Thus, the Court finds that Mr. McDowell has not proven that he has exhausted his administrative remedies as required by 18 U.S.C. §3582(c)(1)(A), and, consequently, this Court has no authority to consider his request.

Even if the Court had the authority to consider Mr. McDowell's request, he would not be entitled to the requested relief. He has presented no evidence of any significant change in his health, or of any other extraordinary and compelling reasons for the Court to consider relief. The medical records that he had mailed to the Court in connection with his most recent request show that he has on-going health issues, but the records also show that he is being consistently monitored and treated for those issues. There is no indication in the record of any unusual decline in his health or in his ability to care for himself within the prison setting. Mr. McDowell's claim that his mother is ill also fails to establish extraordinary and compelling reasons for relief. There is no evidence of what her ailments may be, nor is there any evidence or

argument that she is unable to car for herself in her current condition. Further, Mr. McDowell does not claim that he is the only person capable of caring for his mother if she is indeed sick. In short, nothing alleged in his motion would support a finding of extraordinary and compelling reasons for a reduction in sentence.

In addition, the balance of the §3553 sentencing factors has not changed. The Court weighed the §3553(a) factors at his sentencing, and again in its denial of his first and second requests for compassionate release. Although he did suffer an injury in an altercation in October of 2023, he did not suffer serious or debilitating injury and there is no evidence that he has been targeted for on-going abuse. Nothing has changed since his last request that would significantly alter the balance of those factors in favor of Mr. McDowell. Despite his low recidivism rating within the BOP, as noted in denial of his first request, if anything, his conduct post-sentencing shows that he has a particularly high risk for recidivism. Mr. McDowell, continued his illegal conduct even after pleading guilty to the charges in this case. He also was investigated for similar alleged conduct during his current sentence, including being found in possession of a banned cellular telephone. During the course of his incarceration he has shown a significant tendency toward recidivism and has not demonstrated that a shortened sentence would be sufficient to deter future criminal activity. Further, reducing his sentence at this juncture would create an unjustified disparity between Mr. McDowell and other defendants with similar or lesser charges and criminal history levels.

For purposes of this opinion, the Court considered the parties filings, and the record relating to his pre-sentence report and original sentencing. In addition it balanced all the factors set forth in 18 U.S.C. §3553(a). For the reasons set forth above, the Court finds that Mr. McDowell has not exhausted his administrative remedies. Further, under the totality of the circumstances he has not demonstrated extraordinary and compelling reasons to justify a

reduction in sentence. Finally, the §3553(a) factors do not support any such reduction. The Defendant's third Motion for Compassionate Release is DISMISSED. (ECF#281). IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATE: July 30, 2024