UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:10 CR 189 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| DIMORIO MCDOWELL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Compassionate Release. (ECF #285). This is Mr. McDowell's fourth motion requesting compassionate release. (ECF #242, 271, 281). The Government filed a Response in Opposition, and Mr. McDowell has not filed a timely Reply to that Response. (ECF #286).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such

-1-

a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. McDowell has provided evidence showing that he has exhausted his administrative remedies. (ECF #285, PageID1880). Therefore, the Court will consider his motion on the merits.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a)," must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. McDowell argues that he is entitled to relief under U.S.S.G. §1B1.13(b)(3)(C). In order to establish extraordinary and compelling reasons that would justify relief under this section, Mr. McDowell would have had to show that he has a parent who is incapacitated, and that he would be the only available caregiver for that parent. The Court has insufficient evidence to determine whether mother is incapacitated for purposes of §1B1.13. He has submitted evidence indicating that she is "on active chemotherapy" and "has an incurable, lifelong cancer and requires assistance for her activities of daily living." (ECF #285, PageID 1862). She certainly is suffering from a serious medical condition, and her condition would no doubt be made easier to manage with the assistance of a caretaker. However, the need for assistance is not

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

necessarily equivalent to incapcitation. *See, e.g., United States v. Villasenor*, 2021 WL 5356032, at *1 (6th Cir. Nov. 17, 2021); *United States v. Steele*, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024); *United States v. Hill*, 2022 WL 122639, at *2 (N.D. Ohio Jan. 13, 2022). Although it is possible that Mr. McDowell's mother could qualify as incapcitated, the Court has insufficient evidence on which to make that determination.

Further, Mr. McDowell has not presented sufficient information to show that he would be the only available caretaker for his mother. Mr. McDowell acknowledges that he has a brother, Aunts, cousins, and uncles who are in his mother's life. He claims generally that his family "has drug problems" and that his brother has stolen money from his mother to buy drugs. He does not explain how his mother has been managing to obtain medical care, or how she has been managing her daily activities without him thus far. Mr. McDowell's opinion that his other relatives are unsuitable caretakers does not provide a sufficient basis for this Court to determine that he would be "the only available caretaker" for his mother. Therefore, he has not satisfied the requirements for establishing "extraordinary and compelling" reasons for a sentence modifcation under U.S.S.G. §1B1.13(b)(3)(C).

Even if he could establish that he would be the only available caregiver for his mother, a sentence modification is not supported under 18 U.S.C. §3553. The §3553 sentencing factors, include but are not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. A fair balancing of the 18 U.S.C. §3553(a) factors, leads to the conclusion that under Mr. McDowell's unique set of circumstances, a reduction in sentence would not be appropriate.

The offense conduct in this case was particularly egregious. (ECF #151, PageID 1008). He has been convicted multiple times for similar conduct dating back to 1994. He has served consecutively higher sentences ranging from 43 months for his state conviction to a 145 month sentence for a prior federal conviction. The offense conduct in this case took place while he was serving his prior federal sentence. While in custody awaiting sentencing on this case, he committed additional crimes. Further, while serving the sentence in this case, he has again continued to commit additional crimes. This history clearly shows that Mr. McDowell is a high risk for recidivism. It also indicates his lack of remorse for the crimes he committed and the harm he has inflicted on his victims. He has not demonstrated that a shortened sentence would be sufficient to deter future criminal activity. Further, reducing his sentence at this juncture would create an unjustified disparity between Mr. McDowell and other defendants with similar or lesser charges and criminal history levels.

Mr. McDowell has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. McDowell's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #285). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: January 22, 2025